## SUPREME COURT.

The President, &c., of the Chemung Canal Bank agt. William R. Judson.

On an *appeal* from a judgment at the circuit or special term, the undertaking, in order to *stay proceedings*, must provide for the payment of *all the costs*, as well as the damages which may be awarded on the appeal, not exceeding $250, (§§ 334, 335.)

Where the *undertaking* omits to provide for the payment of *the costs* on the appeal, but in all other respects is regular, the party upon whom it is served is not bound to return it. It is good as far as it goes, but does not stay the proceedings, or the issuing execution upon the judgment.

*It seems*, that where a party returns a paper as irregular, he must state his objections to it *explicitly*. A mere statement that the service is irregular, and not in compliance with certain sections of the Code, is not enough.

*Ontario Special Term, Aug.*, 1854.—Motion to set aside execution.

Judgment was entered and perfected in the Chemung county clerk's office in favor of the defendant, against the plaintiffs for $456.68 on the 9th of May, 1854. On the 15th of the same month written notice of the judgment was served on the plaintiff's attorney. On the 24th of the same month the plaintiff's attorney served upon the defendant's attorney notice of appeal from the judgment to the general term. On the 25th a copy order for time to make a case or bill of exceptions was served on the defendant's attorney. On the 26th notice of the appeal was served on the clerk of Chemung county. On the 29th of June following an undertaking was duly executed and acknowledged, and the sureties justified in the sum of $1500, and the same filed in the clerk's office of Chemung county. The undertaking was to the effect that if the judgment appealed from or any part thereof should be affirmed, the appellants would pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment should be affirmed, if it should be affirmed only in part, and all damages which should be awarded against the appellants on the appeal. On Saturday the 1st of July following a copy of the undertak-

ing was served on the defendant's attorney. On the following Monday, the 3d of July, the defendant's attorney returned the copy undertaking to the plaintiff's attorney with a notice that it was returned for the reason "that the service of the same was irregular and not in compliance with the sections of the Code of Procedure regulating appeals;" and on the same day last mentioned issued an execution on the judgment to the sheriff of Chemung county. The plaintiffs now move to set the execution aside as irregular.

DAVID WRIGHT, *for plaintiffs.*

CLARENCE A. SEWARD, *for defendant.*

WELLES, Justice. An appeal from a judgment at the circuit or special term does not stay the proceedings, unless security is given, as upon an appeal to the court of appeals, or unless the court or a judge thereof so order, &c. (*Code*, § 348.) There was no order of the court or a judge directing the appeal to operate as a stay of proceedings. The question is, whether the security given should have that effect.

To render an appeal to the court of appeals effectual for any purpose, a written undertaking must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay *all the costs* and damages which may be awarded against him on the appeal, not exceeding $250, or that sum must be deposited, &c., to abide the event of the appeal. (*Code*, § 334.) By the following section, (335,) if the appeal be from a judgment directing the payment of money, it shall not stay the execution of the judgment, unless a written undertaking be executed on the part of the appellant by at least two sureties, to the effect as contained in the undertaking given in this case. By § 340 these undertakings may be in one instrument or several at the option of the appellant. The plaintiffs have not, therefore, done enough to have their appeal operate as a stay of proceedings. Security has not been given "*as upon an appeal to the court of appeals.*" The security given does not provide, as required by § 334, that the appellant will pay *all costs* and damages which may be awarded against him

on the appeal. The costs of the appeal are not provided for in the undertaking. This was essential, and the omission is fatal.

The defendant was not bound to return the copy of the undertaking. It was good as far as it went. If it was a case where the defendant was bound to return the paper with a statement of the reasons, &c., I should have no hesitation in saying the reasons stated in this case were entirely too vague. They gave no information to the plaintiffs calculated to apprise them of any specific objection. But the plaintiffs were bound, at their peril, to give the security required by law to prevent an execution, and not having done so, the defendant was regular in issuing it.

The order for time to make a case or bill of exceptions, did not stay the defendant from issuing execution. The appeal was regular and effectual without the case or bill of exceptions, which, if settled after the judgment roll is filed, the court may order annexed. (*Voorhies' Code*, 2d ed. 304, *note and authorities there cited.*)

The motion is denied, with $10 costs.