## ULSTER COUNTY COURT.

WHITING WEEKS, respondent, agt. PHILIP STROBLE, appellant.

A defendant, in pleading *title to land* in a justice's court, is not restricted to interposing it at the *time of joining issue*, as required by the Revised Statutes, but may, under the Code, put in his answer of title and undertaking afterwards.

*October Term*, 1868.

THE justice issued his summons in this action March 28th, 1867, returnable April 7th, 1868. The summons having been duly served, the parties appeared on the return day and joined issue. The complaint was for trespass upon the plaintiff's close and premises. The answer was a general denial. The cause was then adjourned by consent to April 8th, the next day. On the adjourned day the parties again appeared, and the defendant moved for leave to amend his answer by pleading title to the lands upon which the alleged trespass was committed, and offered the necessary undertaking. The justice denied the motion on the ground that the answer of title should have been made at the joining of issue, and could not be interposed afterwards.

The defendant then demurred to the complaint for not being sufficiently specific in describing the premises and locating the same.

The justice sustained the demurrer and directed the complaint to be amended. The plaintiff excepted to the ruling, but amended his complaint as directed. The defendant then renewed his motion for leave to amend his answer by pleading title, and to file an undertaking.

The justice again denied the motion on the same grounds,

and the defendant duly excepted on both occasions, to his rulings.

The cause was then tried and judgment was rendered for the plaintiff for five dollars damages and costs. The defendant now appeals to this court.

J. E. VAN ETTEN, *for respondent.*

F. L. WESTBROOK, *for appellant.*

SCHOONMAKER, County J. The only point presented in this case, is whether a defendant can interpose an answer of title to real property before a justice after issue joined, and on an adjourned day. The statute on this subject before Code, was as follows:

"In every action where the title to lands shall in any wise, come in question, the defendant at the time when he is required to join issue, and not after, may plead specially any plea showing that the title of lands will come in question," &c. (2 *Rev. Stat.*, 2d ed. 168, § 59.) The next section provided, that "at the time of tendering such plea," &c., the defendant should enter into a bond, &c.

The Code on this subject has the following provisions, (§ 55): "In every action brought in a court of justice of the peace, when the title to real property shall come in question, the defendant may, either with or without other matter of defense, set forth in his answer any matter showing that such title will come in question," &c.

Sec. 56. "At the time of answering, the defendant shall deliver to the justice a written undertaking," &c.

Sect. 64, sub. 11. "The pleadings may be amended at any time before the trial, or during the trial, or upon appeal, when by such amendment substantial justice will be promoted." Then follows a provision in regard to an adjournment, and also the imposition of terms to be paid to the adverse party.

A comparison of these statutes, can leave no doubt in

regard to the legislative intent. Under the old statute, a defendant "at the time when he is required to join issue" (which by § 47, was "at the time of the first appearance of the parties before the justice") "*and not after,*" might plead title. Here was a clear and positive restriction.

But the Code contains no such prohibition. An answer of title to real property is under no more disabilities than any other defense.

The language of section 56, "*at the time of answering,*" which has reference entirely to an undertaking, and not to the answer itself, cannot be strained so as to limit the time to answer by pleading title to the joining of issue. The natural and rational meaning is that at the time of making an answer of title, an undertaking shall be given, whatever "time" in the action that may be.

I think it quite clear that if the legislature had intended to restrict the right of a defendant to plead title to the joining of issue on the first appearance of the parties before the justice, the prohibition of the old statute would have been retained in the Code. The omission of any such prohibition can mean nothing else than that an answer can be amended by pleading title, as well as in any other respect.

And the reasons for such an amendment are quite as strong as can be urged for any other. To allow a defendant to amend his answer by setting up payment, a counter-claim, the statute of limitations, or any of the numerous defenses in discharge of a defendant, and deny his right to plead title, when the judgment of a justice might conclude him in regard to the title to his homestead or his farm, would be grossly unjust.

If the defendant delay to make his plea of title after the joining of issue, the justice can protect the plaintiff by imposing costs as the condition of the amendment. But the right to make the amendment ought in all reason to exist, and in my judgment is clearly allowed by the statute.

I attach no importance to the demurrer and amended

complaint in this action, as the justice erred in entertaining the demurrer when it was offered.

I consider the refusal of the parties to receive the plea of title and undertaking to have been error, and the judgment must, therefore, be reversed.