CHARLES M. BARNARD, Respondent, *v.* MORGAN CLARK, Appellant.

(County Court, Oneida County, December, 1900.)

**Justice's Court — Answer of title may be interposed on adjourned day.**

> An answer of title to land may be interposed in an action in justice's court upon an adjourned day, and the writ is not confined to the day of joining issue.

APPEAL from a judgment rendered by William M. Norton, a justice of the peace of the town of Western, for thirty-nine dollars and ninety cents damages and costs, upon the verdict of a jury. The action is for trespass, in cutting and carrying off and converting timber. No claim was made in the complaint for treble damages. At the joining of issue defendant answered by a general denial. Upon the adjourned day defendant tendered to the justice an amended answer, alleging title to the real estate in question in a third person and that he was authorized by such third person to cut the timber in question, and alleging that the title to real estate would come in question upon the trial. At the same time defendant tendered an undertaking to the justice, executed in due form, excepting that the surety justified in the sum of $200, the amount of liability upon the undertaking. Plaintiff objected to the amendment to the answer on the ground that the title to realty should be pleaded at the joining of issue and objected to the sufficiency of the undertaking and its surety. The justice sustained the objection. Defendant then withdrew from the case. The jury previously demanded and summoned was then impaneled and evidence introduced in behalf of plaintiff, showing that defendant went upon land in possession of plaintiff and cut twenty-nine trees, worth from fifty-five cents to sixty cents a piece. The jury rendered a verdict thereon for thirty dollars damages in favor of plaintiff, and from the judgment entered thereon this appeal is taken.

H. R. Hadley, for appellant.

C. D. Prescott, for respondent.

DUNMORE, J. The first point presented on this appeal is whether a defendant can interpose an answer alleging title to real property

before a justice after issue joined, and on an adjourned day. The statute upon that subject before the Code was as follows: " In every action where the title to lands shall in anywise come in question, the defendant at the time when he is required to join issue, *and not after*, may plead specially any plea showing that the title of lands will come in question," etc.   2 R. S. (2d ed.) 168, § 59. The next section provided for tendering a bond, etc.   The statute expressly limited the right of a defendant to plead title to real estate to the time issue was joined.   The Code of Civil Procedure, sections 2951 and 2952, contain no such limitation.   It is evident that the change in the statute was made for the purpose of allowing a greater liberality in the amendment of pleadings in Justice's Court in the promotion of substantial justice.   Parties often appear without counsel before the justice on the return of the summons.   This is especially true in remote country districts, where the attendance of counsel could not be procured without great inconvenience and expense.   If upon the adjourned day the defendant should be precluded from pleading the only defense he has to the action, it would oftentimes result in great injustice.   It is clear to me that the change was made in the statute so that whatever defense a defendant has may be pleaded at any time before trial.   This is the construction heretofore put upon the statute as amended.   Weeks v. Stroble, 36 How. Pr. 123; Hinds v. Page, 6 Abb. Pr. (N. S.) 58; Smith v. Mitten, 13 How. Pr. 325.

Where substantial justice requires, it is mandatory upon a justice to allow an amendment to a pleading.   Thedford v. Reade, 28 Misc. Rep. 563; Milch v. Westchester Fire Ins. Co., 13 id. 231.

The defendant, therefore, had the right to have his pleadings amended as proposed upon the adjourned day.   The amendment, however, would have been unavailable unless defendant gave an undertaking as required by section 2952 of the Code of Civil Procedure.   Section 2955 of that Code provides that if the undertaking is not delivered to the justice, he has jurisdiction of the action, and must proceed therein; and the defendant is precluded, in his defense, from drawing the title in question.

The respondent contends that the undertaking failed to comply with section 812 of the Code of Civil Procedure in that the surety justified only in the sum of $200, the amount of the undertaking, whereas he should have justified in twice the amount.   That section provides that the affidavit of the surety must, in addition to the

other requirements, state that the surety is worth "twice the sum specified in the undertaking," etc. Section 2952 does not require any sum to be specified in the undertaking, but provides that if the defendant fails to comply with the undertaking, the sureties are liable thereon to an amount not exceeding $200. No sum was specified in the undertaking. The justice had the right to require the surety to appear personally and justify before him. Harding v. Ellston, 13 N. Y. Supp. 550; Shaver v. Eldred, 40 N. Y. St. Repr. 891. The justice did not require this, and if he required such a justification we think it was his duty to so inform the defendant so that defendant might be apprised of what it was necessary for him to do to cure any defect in the undertaking.

Plaintiff's objection to the undertaking was general and not specific as has been required in many cases. The objection should have pointed out the specific defect. Snape v. Gilbert, 13 Hun, 494; Rude v. Crandall, 2 Civ. Pro. 11; Chemung Canal Bank v. Judson, 10 How. Pr. 133; Broadway Bank v. Danforth, 7 id. 264.

The justice retained the undertaking. In Harding v. Ellston, 19 Civ. Pro. 252, the court said: "I think the delivery of the undertaking to the justice and his retention of it were sufficient to oust him of jurisdiction. If not sufficient, his refusal to approve the undertaking without some reason therefor being given was wholly without authority." In that case, however, the undertaking was concededly in due form.

Whether the undertaking was sufficient, and if sufficient, whether the plaintiff waived the defect by not pointing out the specific defect are questions which it is unnecessary for me to determine upon this appeal, for the reason that the judgment must be reversed upon other grounds.

Upon the trial plaintiff proved that defendant cut twenty-nine trees worth from fifty-five cents to sixty cents a piece. The damage as proven did not exceed seventeen dollars and forty cents, but the verdict was for thirty dollars. I think, therefore, that the verdict was excessive and the judgment must for that reason be reversed.

Judgment reversed, with costs.